IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOE HOWARD                                                                                      PLAINTIFF

v.                                                                                              No. 3:09CV47-M-S

DISTRICT ATTORNEY DOUG EVANS                                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Joe Howard, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Howard claims that he is an innocent man who was wrongfully convicted of touching a child for lustful purposes – and that he has eighteen witnesses to establish that he was in the Winston Medical Center when the state alleges that he was committing this crime. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Joe Howard was convicted of touching a child for lustful purposes in the Circuit Court of Webster County, Mississippi. He sets forth seven claims for relief, all centering around his claims that he did not commit the crime of his conviction.

***Heck v. Humphrey***

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no

requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In this case if the plaintiff could prove that he is actually innocent of the crime for which he was convicted, he would clearly draw into question the validity of his conviction or sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Howard has made no such showing; therefore, this case is shall be dismissed without prejudice to the plaintiff's ability to seek *habeas corpus* relief under 28 U.S.C. § 2254. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of August, 2009.

                                                            **/s/ MICHAEL P. MILLS**
                                                            **CHIEF JUDGE**
                                                           **UNITED STATES DISTRICT COURT**
                                                           **NORTHERN DISTRICT OF MISSISSIPPI**